```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                 DATE FILED: Sept. 15, 2011
-----------------------------------------X
IN RE:                                    :
FOSAMAX PRODUCTS LIABILITY LITIGATION     :   No. 06 MD 1789 (JFK)
-----------------------------------------:
This document relates to:                 :   MEMORANDUM OPINION
Raber v. Merck & Co., Inc.,               :       AND ORDER
    No. 06 Civ. 6295 (JFK)                :
-----------------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

This is the fifth case selected for trial as a bellwether in the In re Fosamax Products Liability Litigation multidistrict litigation ("Fosamax MDL"). Plaintiff Sarah Raber ("Raber" or "Plaintiff") moves for partial reconsideration of the Court's Memorandum Opinion and Order dated April 27, 2011, which denied Raber's request to withdraw her Lexecon waiver. Defendant Merck Sharp & Dohme Corp. ("Merck") opposes the motion for reconsideration, arguing that Plaintiff has failed to comply with Rule 6.3 of the Joint Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("L.C.R. 6.3"). In the alternative, Merck argues that Plaintiff has failed to show good cause to support her motion, and has provided inadequate documentation of the facts alleged in support of her motion. For the reasons set forth below, the motion for partial reconsideration is denied.

**I.  Background**

On August 16, 2006, the United States Judicial Panel on Multidistrict Litigation transferred this case, along with seventeen other factually similar cases, to this Court for coordinated pretrial proceedings. See In re Fosamax Prods. Liab. Litig., 444 F. Supp. 2d 1347, 1350 tbl.A (J.P.M.L. 2006). Subsequently, scores of other cases were transferred to me as part of this multidistrict litigation docket.

As part of the Court's case management plan for the Fosamax MDL, twenty-five cases were selected for trial as bellwethers. I directed the parties to select cases for expedited case-specific discovery, but cases filed in other federal district courts were eligible for inclusion in the bellwether trial pool only if the parties waived their right to trial in the transferor court. See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 28 (1998) (holding that a district court may not "invoke [28 U.S.C. § 1404(a)] to assign a transferred case to itself for trial.").

Originally, the Court planned to conduct three bellwether trials, but later directed Merck and the Plaintiffs' Steering Committee ("PSC") each to select an additional case for trial from the pool of twenty-five cases in which the parties had conducted case-specific discovery.  The PSC selected Secrest v. Merck & Co., Inc., 06 Civ. 6292 (JFK), and Merck selected Hester

v. Merck & Co., Inc., 06 Civ. 9450 (JFK). Secrest was originally scheduled for trial in February 2010, but was later adjourned until September 2011 and is on trial now. Hester was scheduled for trial in May 2010, but was voluntarily dismissed by the plaintiff prior to trial pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Merck's first alternative selection was Raber v. Merck & Co., Inc., 06 Civ. 6295 (JFK).

After Hester was voluntarily dismissed, the PSC filed motions to withdraw each plaintiff's Lexecon waiver in Raber and Vandercar v. Merck & Co., Inc., 06 Civ. 11329 (JFK), pursuant to Titles II and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-213.[1] Though Raber's case was originally filed in the United States District Court of the Middle District of Tennessee, the PSC sought withdrawal of her Lexecon waiver to permit the trial of Raber in the United States District Court for the Northern District of Florida. Because the bellwether selection process was designed to prevent the

---

[1] The complete text of Raber's motion to withdraw her Lexecon wavier reads as follows: "COMES NOW PLAINTIFF SARAH RABER, and files this request for Accommodation pursuant to Titles II and Titles III [sic] of the Americans with Disabilities Act, and requests this Court to allow her to withdraw her previously filed Lexecon waiver for the following reasons. Plaintiff's husband has kidney cancer and requires regular medical treatment in Pensacola, Florida, and New Orleans, Louisiana. Accordingly, and as a reasonable accommodation under the ADA, Plaintiff respectfully requests that the trial of her case be tried in the United States District Court for the Northern District of Florida, Pensacola Division." (Pl.'s Request for Accommodation Pursuant to the Americans with Disabilities Act 1, ECF No. 129.)

disclosure of each party's alternative selections to the other party, the PSC had not been given notice that Merck had selected Raber as its first alternative to Hester when it filed the motions for withdrawal of the Lexecon waivers.  On April 27, 2011, the Court denied the PSC's motions for withdrawal of the Lexecon waivers and scheduled Raber for trial. See In re Fosamax Prods. Liab. Litig., No. 06 MD 1789, 2011 WL 1584584, at *2-3 (S.D.N.Y. Apr. 27, 2011) ("April 27 Order").  The Court ruled that the ADA did not provide a legal basis for the withdrawal of a Lexecon waiver, that a party seeking to withdraw a Lexecon waiver must show good cause for withdrawal, and that Plaintiff had failed to show good cause for withdrawal from her Lexecon waiver. Id. at *2 (citing Katel Ltd. Liab. Co. v. AT & T Corp., 607 F.3d 60, 66 (2d Cir. 2010)).  The Court ruled that plaintiff Reyna Vandercar's request for withdrawal was premature because Vandercar had not been scheduled for trial. Id. at *3.

Thereafter, Raber moved pursuant to L.C.R. 6.3 for reconsideration of that part of the April 27 Order refusing to permit Raber to withdraw her Lexecon waiver.

## II.  Discussion

**A.   Compliance with Local Civil Rule 6.3**

Under L.C.R. 6.3, a party seeking reconsideration of a district court's ruling must "set[ ] forth concisely the matters or controlling decisions which counsel believes the court has

-4-

overlooked." The goal of Local Rule 6.3 is "to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Grand Crossing, L.P. v. U.S. Underwriters Ins. Co., No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quotations omitted). Therefore, "[u]nder [L.C.R. 6.3], a party may not 'advance new facts, issues or arguments not previously presented to the Court.'" E.E.O.C. v. Fed. Express Corp., 268 F. Supp. 2d 192, 199 (E.D.N.Y. 2003) (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). L.C.R. 6.3 affords relief where the court has erred by overlooking a factual or legal argument presented, not where a party failed to present relevant factual or legal arguments. Reconsideration is appropriate only where a court has overlooked controlling decisions or facts presented in the underlying motion which, had they been considered, might reasonably have altered the result of the initial decision. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Raber's motion, styled as a "request for accommodation pursuant to the Americans with Disabilities Act" ("Request for Accommodation") consisted of a single paragraph devoid of any citation to case law supporting her interpretation of the ADA. The Request for Accommodation also contained a single factual

-5-

statement: "Plaintiff's husband has kidney cancer and requires regular medical treatment in Pensacola, Florida, and New Orleans, Louisiana." (Pl.'s Request for Accommodation Pursuant to the ADA 1, ECF No. 129.)  Plaintiff offered no additional factual statements in support of her request.  Plaintiff presented no information about her current place of residence, no explanation about the level of care that her husband's illness requires, and no description of her role in caring for her husband.

In support of the instant motion for reconsideration, Plaintiff introduces factual and legal arguments not presented in her Request for Accommodation.  Plaintiff urges the Court to apply a "substantial injustice" standard in determining whether to permit the withdrawal of a Lexecon waiver.  The substantial injustice standard would allow a party to withdraw a Lexecon waiver upon a showing that withdrawal is necessary to avoid "substantial injustice" to that party and that "the other parties . . . can be restored to the same position they would have had if no agreement had been made." (Pl.'s Mem. in Supp. of Mot. for Partial Reconsideration 3-4, ECF No. 136 (quoting Greenspahn v. Joseph E. Seagram & Sons, Inc., 186 F.2d 616 (2d Cir. 1951)).)  In her Memorandum in Support of the Motion for Partial Reconsideration, Plaintiff also informs the Court that, since filing the Second Amended Complaint in Middle District of

-6-

Tennessee, Plaintiff has moved from her home in Arkansas to Lillian, Alabama, located 17 miles from the United States Courthouse in Pensacola (where the Pensacola Division of the United States District Court for the Northern District of Florida sits), and that Plaintiff is her husband's "sole caregiver."

In moving for reconsideration of the April 27 Order, Plaintiff misconstrues L.C.R. 6.3.  In her Request for Accommodation, Plaintiff included neither this new legal argument, nor these new factual allegations.  I was required to decide the original motion on the only information then reasonably available to me:  the single sentence about the illness of Plaintiff's husband contained in the Request for Accommodation and the Complaint filed in the Middle District of Tennessee.  When the Request for Accommodation was denied, the Court did not overlook the points now raised in Plaintiff's moving papers.  These factual allegations and legal arguments were not raised in the PSC's original motion for the withdrawal of the Lexecon waiver.  The Court refuses to permit a litigant to file a three-sentence motion failing to articulate any significant supporting facts and then later advance new arguments in a motion for reconsideration. E.E.O.C., 268 F. Supp. 2d at 199.  Therefore, Plaintiff's motion for reconsideration is denied under L.C.R. 6.3.

**B.    Good Cause Required for Withdrawal of Lexecon**

Even if the Court were to entertain the new factual and legal points raised in her motion for reconsideration, Plaintiff's motion would still properly be denied because Plaintiff has failed to show good cause for the withdrawal of her Lexecon waiver.

**1.    Standard for Withdrawal of a Lexecon Waiver**

As noted in the April 27 Order, "[a] party to a stipulation is not entitled to withdraw from its agreement unilaterally." April 27 Order, 2011 WL 1584584, at *2 (quoting United States ex rel. Reilly v. New England Teamsters & Trucking Indus. Pension Fund, 737 F.2d 1274, 1278 (2d Cir. 1984)).  "[A] district court may invalidate a stipulation only upon a 'showing of good cause such as fraud, collusion, mistake or duress, or where the agreement is unconscionable or contrary to public policy, or the text of the agreement suggests an ambiguity indicating that the words did not fully and accurately represent the parties' agreement.'" April 27 Order, 2011 WL 1584584, at *2 (quoting Katel Ltd. Liab. Co., 607 F.3d at 66 (2d Cir. 2010)).

Plaintiff's reliance on Greenspahn for an alternative standard is misplaced because that case no longer sets forth the proper standard for the dissolution of a stipulation by a court under New York law.  Decided by the United States Court of Appeals for the Second Circuit in 1951, Greenspahn concerned a

-8-

suit for specific performance of contracts for the sale of whiskey. The district court ruled in favor of the plaintiff and the defendant appealed, but the parties later entered into a stipulation of settlement and the appeal was dismissed. Greenspahn, 186 F.2d at 618. In negotiating the terms of the stipulation, the defendant agreed to withdraw its appeal and tender "a large quantity of Kentucky whiskey" as it had been directed by the district court judgment. The defendant later discovered that it "lacked sufficient whiskey of its own distillation to enable it to perform" under the terms of the stipulation. Id. With leave of the Second Circuit, the defendant moved before the district court for relief from the original judgment and the stipulation of settlement under Rule 60(b) of the Federal Rule of Civil Procedure. Id. The district court denied this motion, and the defendant again appealed.

In that portion of its opinion addressing the defendant's request for relief from the settlement, the Second Circuit relied primarily on now-outdated law of the State of New York. At the time, New York law permitted courts to dissolve certain "arrangements" made between counsel during the pendency of a case where both parties could be restored substantially to their former position and dissolving the arrangement was necessary to avoid injustice. Id. at 620 n.12 (citing Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N.Y. 435, 444 (1928)). More

recently, the Second Circuit has recognized New York law requiring that a stipulation entered into voluntarily should not be disturbed "absent a showing of good cause such as fraud, collusion, mistake or duress, or unless the agreement is unconscionable or contrary to public policy, or unless it suggests an ambiguity indicating that the words did not fully and accurately represent the parties' agreement." Katel Ltd. Liab. Co., 607 F.3d at 65-66 (quoting McCoy v. Feinman, 99 N.Y.2d 295, 302 (2002)).

   The Second Circuit's ruling in Katel Ltd. Liab. Co. is consistent with more recent decisions of the New York Court of Appeals. See, e.g., In re Frutiger's Estate, 29 N.Y.2d 143, 149-150 (1971) ("The court has control over stipulations and power to relieve from the terms thereof when the parties can be placed in statu quo.  But the stipulation will not be destroyed without a showing of good cause therefor, such as fraud, collusion, mistake, accident, or some other ground of the same nature.") (quoting Campbell v. Bussing, 82 N.Y.S.2d 616, 616-17 (1948)). The Court of Appeals has made clear that the interests of predictability and judicial economy require courts to uphold stipulations into which parties have freely and knowingly entered where there is a clear record of the terms to which the parties have agreed. McCoy, 99 N.Y.2d at 302.

The Lexecon waivers executed in the Fosamax MDL are stipulations that can be withdrawn only upon a showing of good cause because these waivers satisfy the criteria set forth by the Second Circuit in Katel Ltd. Liab. Co. and the Court of Appeals in McCoy.  The terms of the Lexecon waivers required by the Court for the inclusion of cases filed in transferor district courts in the pool of bellwether-eligible cases were clear:  in exchange for waiving their right to try these cases in the transferor district court, both Merck and the individual plaintiffs were permitted to conduct case-specific discovery prior to remand of the transferred cases at the conclusion of coordinated pretrial proceedings before this Court pursuant to 28 U.S.C. § 1407(a).  Because the terms of this waiver are unambiguous and upholding the waivers absent a showing of good cause is necessary for the orderly progress of the Fosamax MDL, the standard applied by the Second Circuit in Katel Ltd. Liab. Co. governs the Lexecon waivers executed by the parties in this multidistrict litigation.

   2.   **Raber's Request for Withdrawal of her Lexecon Waiver**

Plaintiff argues that she has shown good cause for the withdrawal of her Lexecon waiver because trying her case in the Southern District of New York would be overly burdensome when compared with trying her case in the Northern District of Florida.  As discussed above, in support of this argument

Plaintiff alleges that she now resides just 17 miles from the courthouse in which the Pensacola Division of the Northern District of Florida sits, and that both Plaintiff and her husband are unable to travel to New York because of Plaintiff's husband's medical condition.  However, as Merck correctly notes in opposing Plaintiff's motion for reconsideration, this case was originally filed in the Middle District of Tennessee, and the withdrawal of Plaintiff's Lexecon waiver would require remand to the transferor court at the conclusion of pretrial proceedings, not to the Northern District of Florida.  Plaintiff makes no showing of good cause warranting trial in the Middle District of Tennessee rather than the Southern District of New York.  Therefore, even if the Court were to reconsider its April 27 Order, Plaintiff's Request for Accommodation would be denied.

C.   **Motion to Transfer**

In her Reply Memorandum in Support of the instant motion, Plaintiff attempts to convert her Motion for Reconsideration of the Court's denial of her Request for Accommodation into a motion for transfer of Plaintiff's case to the Northern District of Florida pursuant to 28 U.S.C. § 1404(a).  Raber's last-ditch effort to convert her motion for reconsideration into a motion for change of venue is improper because this argument was presented neither in her original Request for Accommodation, nor in her Memorandum in Support of her Motion for Partial

-12-

Reconsideration. The Request for Accommodation was a motion for withdrawal of Plaintiff's Lexecon waiver, and neither cited § 1404(a) nor discussed "transfer" of this case in any fashion. Plaintiff requested that "her case be tried in the [Northern District of Florida]," but the Court cannot construe this request as a § 1404(a) motion when the relief clearly requested was Lexecon waiver withdrawal, and Plaintiff failed to address the requirements of § 1404(a) in a timely fashion.

This point is further supported by Raber's Memorandum in Support of the instant motion, in which Plaintiff urges the Court to permit withdrawal of a Lexecon waiver where doing so would put Merck "in the same position it was in prior to the waiver being signed." (Pl.' Mem. in Supp. of Mot. for Reconsideration 6.) However, prior to her Lexecon waiver, absent a court-ordered change of venue pursuant to § 1404(a), Raber would have been required to try her case in the Middle District of Tennessee, not in the Northern District of Florida.

Finally, the Court notes that while the ADA may be given a "broad construction," Plaintiff's proposed construction of the ADA as providing a legal basis for change of venue is without merit. Section 1404(a) of Title 28 of the United States Code governs motions for change of venue, and requires district courts to take into account the "convenience of parties and witnesses" as well as "the interest of justice" in deciding such

a motion. 28 U.S.C. § 1404(a).  The ADA does not factor in the Court's analysis of a motion for a change of venue.

### III. Conclusion

For the reasons stated above, the Court denies Plaintiff's motion for reconsideration.  The Clerk of Court is directed to close the motion at ECF No. 135.

**SO ORDERED.**

Dated:    New York, New York
          September 15, 2011

                                         _____
                                              JOHN F. KEENAN
                                         United States District Judge