USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 29, 2013

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
IN RE:                                   :
FOSAMAX PRODUCTS LIABILITY LITIGATION    :    Master File No.
-----------------------------------------:    06 MD 1789 (JFK)
This document relates to:                :
All actions                              :    ORDER
-----------------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

The Court has reviewed the joint letter submitted by Defendant Merck and the Plaintiffs' Steering Committee ("PSC"), and is in agreement that this MDL is ripe for remand and transfer. The Court has tried five cases as bellwethers and general expert discovery has taken place. In this Court's view, all that is left for each of the cases in this MDL is case-specific discovery and trial. To that end, the district courts to which these cases will be remanded will have the benefit of this Court's omnibus <u>Daubert</u> ruling as well as numerous other opinions issued throughout this litigation.

The Court has also reviewed the letter dated August 20, 2013 regarding the twenty cases in this MDL where the plaintiffs name Roche Laboratories, Inc. and Hoffmann-La Roche, Inc., and GlaxoSmithKline as defendants and allege ingestion of Boniva as the cause of their injury. While the PSC and Merck do not take a position on this issue, the Court finds remand appropriate for the Boniva cases. The Court is not aware of any reason these cases did not undergo discovery, but does not believe it would promote efficiency to maintain some twenty cases out of hundreds simply for

the purpose of conducting discovery as to two individual defendants. Per the Boniva defendants' request, the Court will include language in the transfer order involving Boniva defendants to advise the transferee court that discovery and pre-trial proceedings have not taken place.

In light of the above, the Court must now determine the appropriate method for remand and transfer, keeping in mind that some cases were directly filed in this District pursuant to Case Management Order Number 3. The joint letter of August 19, 2013 details each side's proposed course of action for determining venue and effectuating remand. Merck has suggested that this Court maintain the MDL while some fact discovery is conducted on the 100 oldest cases. In rejecting this proposal, the Court notes that it does not seem prudent for case-specific discovery to proceed in this district, as it would unnecessarily prolong the MDL and introduce disputes that are more properly adjudicated in their home districts. Moreover, it is not clear how discovery on the first 100 cases will aid in the determination of the appropriate home districts for the remaining MDL docket.

Therefore, the Court hereby ORDERS that 200 cases per month will be remanded to their home districts, beginning with the oldest cases, plus <u>Sargent v. Merck</u>, 06 Civ. 5086, which was raised by Mr. Osborne as especially time-sensitive. The Court's first order suggesting remand will be entered on November 1, 2013 (unless a settlement has

2

been reached), with subsequent orders to be entered on the first of the month thereafter until the process is complete. In cases that were filed directly in this District and therefore must also be transferred, the following process is ordered:

- The PSC will submit a letter detailing the preferred venue of the plaintiffs no later than three weeks before the Court's suggestion of remand will be entered. For the first batch of cases, the letter is due October 11, 2013.
- Merck should review the venue suggestion, and must notify the Magistrate of any objections by two weeks before this Court will enter the suggestion of remand. For the first batch of cases, these objections will be due by October 18, 2013.
- Any disputes relating to venue selection will be resolved by Magistrate Judge Francis.

The parties will then submit a spreadsheet to this Court detailing the 200 cases that would be subject to the suggestion of remand. For those cases which are being remanded and/or transferred, the parties should also include the agreed-upon venue. This submission is due three days prior to the first of the month.

**SO ORDERED.**

Dated:   New York, New York
         August 29, 2013

*John F. Keenan*
John F. Keenan
United States District Judge